## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM BRINKMAN,** | : |
| | : |
| **Plaintiff** | CIVIL ACTION NO. 3:15-2402 |
| | : |
| v | |
| | :   **(JUDGE MANNION)** |
| **PA. DEPT. of CORRECTIONS,** | |
| | : |
| **Defendants** | |

## MEMORANDUM

I. **Background**

On December 14, 2015, Plaintiff, William Brinkman, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The only named Defendant is the Department of Corrections ("DOC"). Id. By Order dated January 29, 2016, the DOC was dismissed as a Defendant and Plaintiff was granted until February 19, 2016 within which to file an amended complaint. (Doc. 5). On February 23, 2016, this Court issued an Order for Plaintiff to show cause why the above captioned action should not be dismissed for Plaintiff's failure to comply with this Court's January 29, 2016 Order. (Doc. 7). On March 2, 2016, Plaintiff responded with a letter (Doc. 8) and, on April 7, 2016, this Court again granted Plaintiff an enlargement of time until April 29, 2016 within which to file his amended complaint, advising him that his failure to do so would result in dismissal of his action. (Doc. 10). To date, Plaintiff has neither filed an

amended complaint, nor requested an enlargement of time within which to do so.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff was advised of the necessity of responding to the Orders of Court dated January 29, 2016, February 23, 2016 and April 7, 2016, and is personally responsible for failing to do so. See Poulis, 747 F.2d at 868 (identifying "extent

of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal preparation. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's failure to respond to the deadlines in the above-captioned action and to the Orders of Court dated January 29, 2016, February 23, 2016 and April 7, 2016, constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without the filing of an amended complaint. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a Court Order. An appropriate Order will follow.

          s/ *Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States District Judge**

**Dated:   June 14, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2402-01.wpd